**Appropriation of lands of WYATT et, etc.: BARNES, Appellant.**

Ohio Appeals, Second District, Shelby County.

No. 174.   Decided November 16, 1955.

Frank H. Marshall, James J. Gilvary, Sidney, for defendant-appellee, Ruth Wilson Wyatt.

E. J. Garmhausen, Sidney, for defendant-appellant, Raeburn E. Barnes.

(NICHOLS, PJ, GRIFFITH, J, of the Seventh District; FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By NICHOLS, PJ.

This action arose in the Common Pleas Court of Shelby County and involves the diverse claim of Ruth Wilson Wyatt and Raeburn E. Barnes to a fund deposited in that court upon appropriation of certain lands by the Department of Highways for the construction and improvement

of State Route No. U. S. 25 in Shelby County, Ohio, the Department having filed in the Common Pleas Court a sum of money equivalent to the value of the land taken, and having caused summons to be served upon the several defendants, including Ruth Wilson Wyatt and Raeburn E. Barnes. No appeal was taken from the determination of value and by order of the Common Pleas Court an easement for highway purposes vested in the State of Ohio. The sole question raised in the Common Pleas Court, and now before this Court, concerns the ownership of the property appropriated for highway purposes. On motion therefore the Common Pleas Court made the following finding of facts:

"1. On November 30, 1901, J. B. Wyatt was the owner in fee simple of the real estate described as follows:

"Situated in the Township of Franklin, County of Shelby, State of Ohio and described as follows, to wit:

"A part of the southwest quarter of Section Twelve (12) Township Eight (8) Range Six (6) East, Being a strip of land east and immediately adjoining the Wapakoneta and Sidney Pike and bounded and described as follows: Beginning at the intersection of the east line of the said Wapakoneta and Sidney Pike and the north line of said southwest quarter (¼) nine hundred eleven (911) feet east of the northwest corner; thence southerly along the east line of said Wapakoneta and Sidney Pike twenty seven hundred and ten (2710); thence east sixty one (61) feet; thence northerly thirty (30) feet from and parallel to located center line of the Western Ohio Railway twenty seven hundred and ten (2710) feet; thence west ninety one and five tenths (91.5) feet to the place of beginning and containing four and seventy four hundredths (4.74) acres.

"2. On said 30th day of November, 1901, said J. B. Wyatt and Minnie B. Wyatt executed, acknowledged and delivered to the Western Ohio Railway Company an instrument in the form here set forth, viz:

"WARRANTY DEED

"J. B. Wyatt
    "to
"The Western Ohio Railway Company

"Know all men by these presents, that J. B. Wyatt of Swanders, Ohio, the grantor, for the consideration of Three Hundred Dollars ($300.00) and other considerations, received to his satisfaction of the Western Ohio Railway Company, the grantee, do give, grant, bargain, sell and convey unto the said grantee, its successors and assigns, the following described premises, situated in the Township of Franklin, County of Shelby, State of Ohio and described as follows, to wit:

"A part of the southwest quarter of Section Twelve (12) Township Eight (8) Range Six (6) East. Being a strip of land east and immediately adjoining the Wapakoneta and Sidney Pike and bounded and described as follows: Beginning at the intersection of the east line of the said Wapakoneta and Sidney Pike and the north line of said southwest quarter (¼) nine hundred eleven (911) feet east of the northwest corner; thence southerly along the east line of said Wapakoneta and Sidney Pike twenty seven hundred and ten (2710); thence east sixty one (61) feet; thence northerly thirty (30) feet from and parallel to located

center line of the Western Ohio Railway twenty seven hundred and ten (2710) feet; thence west ninety one and five tenths (91.5) feet to the place of beginning and containing four and seventy-four hundredths (4.74) acres.

"The above subject to right of way of Bell Telephone Company.

"To have and to hold the above granted and bargained premises with the appurtenances thereunto belonging unto the said grantee, its successors and assigns forever, upon the conditions, restrictions and limitations hereinafter set forth.

"And J. B. Wyatt said grantor do for himself and his heirs, executors and administrators covenant with said grantee its successors and assigns that at and until the ensealing of these presents he is well seized of the above described premises as a good and indefeasible estate in fee simple and have good right to bargain and sell the same in manner and form as above written; that the same are free and clear from all incumbrances whatsoever and that he will warrant and defend said premises with the appurtenances thereto belonging to said grantee, its successors and assigns forever against all lawful claims and demands whatsoever. The grant and conveyance herein made of the above described premises is upon the following conditions, stipulations and limitations, viz:

"1st. The premises hereby conveyed are to be used for electric street railroad purposes.

"2nd. If said premises be not used for electric street railroad purposes within one year from the date hereof, or if said premises be used for any other than for electric street railroad purposes, or in case the same shall, after being first occupied and used for electric street railroad purposes be abandoned or remain unused for the purpose aforesaid for the period of one year then and in every such case the estate hereby granted unto the said The Western Ohio Railway Company its successors, and assigns, shall cease and determine and the title to the above described premises shall revert and be reverted in the grantor **his heirs and assigns** without further act or deed.

"3rd. The grantee herein as a part of the consideration for the conveyance hereby made, covenants that it will and that its successors and assigns shall, at its or their own cost and expense, build and contract good and suitable crossings at all lanes, driveways or gateways along said premises and ever after so long as it or they shall use and occupy said premises for electric street railroad purposes, keep and maintain the same in constant good repair and upon its or their failure so to do it shall be lawful for the grantor, his heirs and assigns, to furnish the material and do and perform the labor necessary therefor at the cost and expense of the grantee, its successors and assigns.

"4th. It is further covenanted on the part of the grantee herein for itself, its successors and assigns, as a part of the consideration for this conveyance that it will, or that its successors and assigns shall build, construct, and so long as it or they shall use and occupy said premises for electric street railroad purposes maintain a good and substantial fence with the necessary gates, suitable to turn stock on the line of the above described premises between said premises and adjoining private property; and upon its or their failure so to do it shall be lawful for

said grantor his heirs and assigns to furnish the material and do and perform the labor necessary therefor at the cost and expense of said grantee its successors or assigns.

"And I, Minnie B. Wyatt, wife of said J. B. Wyatt do hereby remise, release and forever quitclaim unto the said grantee its successors and assigns all my right and title of dower in the above described premises.

"In witness whereof the said J. B. Wyatt and Minnie B. Wyatt has hereunto set their hands this 30 day of November in the year of our Lord one thousand nine hundred and one.

"Signed and acknowledged in the presence of:

"J. E. Russell                                    J. B. Wyatt
"L. Kah, Jr.                                      Minnie B. Wyatt

"The State of Ohio, Shelby County, ss:

"Be it remembered that on this 30 day of November, A. D. 1901 before me the subscribed notary public in and for said county personally came the above named J. B. Wyatt and Minnie B. Wyatt who acknowledged that they did sign the foregoing instrument and that the same is their free act and deed for the use and purposes therein mentioned.

"In testimony whereof I have hereunto subscribed my name and affixed my official seal on the day and year last aforesaid.

"J. E. Russell, Notary Public ·

"Said instrument was on the 18th day of February, 1902, deposited with the Recorder of Shelby County, Ohio, and duly recorded in Volume 80 at Page 80 of the Deed Records of said county.

"3. On the 14th day of March, 1902, J. B. Wyatt was the owner in fee simple of the premises in paragraph one described except the determinable fee simple estate as had been conveyed to the Western Ohio Railway Company by deed described in paragraph two.

"4. On said 14th day of March, 1902, J. B. Wyatt and Minnie B. Wyatt executed and acknowledged and delivered to John H. Barnes and J. D. Barnes an instrument in the following form, viz:

"WARRANTY DEED

"John B. Wyatt and wife
          "to
"John H. Barnes and J. D. Barnes

"Know all men by these presents: That John B. Wyatt and wife Minnie Wyatt in consideration of Forty Seven Hundred Dollars to them paid by John H. Barnes and J. D. Barnes the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey to the said John H. Barnes and J. D. Barnes the following premises situate in the County of Shelby and State of Ohio and bounded and described as follows:

"Being that part of the South West quarter of Section Twelve (12) Town Eight (8) Range Six (6) east which lies East of the Sidney and Wapakoneta Pike and containing about ninety acres more or less. Except the right and title of the Western Ohio Railway Company to about 4¾ acres lying immediately east of and along said pike.

"And all the estate, title and interest of the said grantors either in law or equity of, in and to the said premises. Together with all the

privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof; to have and to hold the same to the only proper use of the said grantees.

"And the said Grantors for themselves and for their heirs, executors and administrators do hereby covenant with the said grantee their heirs and assigns, that they are the true and lawful owners of the said premises and have full power to convey the same; that the title so conveyed is clear, free and unincumbered and further that they will warrant and defend the same against all claim or claims of all persons whomsoever.

"In witness whereof, the said John B. Wyatt and wife Minnie Wyatt who hereby releases her right and expectancy of dower in said premises have hereunto set their hands this 14" day of March in the year of our Lord one thousand nine hundred and two.

"Signed, Sealed and acknowledged in presence of us:

"R. D. Mede                          J. B. Wyatt
"Bessie Wyatt                        Minnie B. Wyatt

"The State of Ohio, Shelby County, ss:

"Be it remembered that on the 14" day of March in the year of our Lord one thousand nine hundred and two before me the subscribed a Notary Public in and for said county personally came John B. Wyatt and Minnie Wyatt the Grantors in the foregoing deed, and acknowledged the signing and sealing thereof to be their voluntary act and deed, for the uses and purposes therein mentioned.

"In testimony whereof, I have hereunto subscribed my name and affixed my Notarial seal on the day and year last aforesaid.

"R. D. Mede, Notary Public
for Shelby Co., Ohio

"Said instrument was on the 15th day of March, 1902, deposited with the Recorder of Shelby County, Ohio, and duly recorded in Volume 79 at page 253 of the Deed Records of said county.

"5. By subsequent conveyance all right, title and interest of John H. Barnes and J. D. Barnes was conveyed to Raeburn E. Barnes, the said Raeburn E. Barnes being the surviving spouse of J. D. Barnes and the said J. D. Barnes being the son and sole heir at law of John H. Barnes. In said subsequent conveyance the description was in the identical language in the deed from J. B. Wyatt and Minnie B. Wyatt to John H. Barnes and J. D. Barnes.

"6. On or about June 16, 1932, the Western Ohio Railway Company ceased to operate its railway and has not, since said date, in any manner occupied, used or been in possession of any part of the premises described in the instrument set forth in paragraph two but has, since said date, been out of possession and having abandoned the same.

"7. On or about April 29, 1933, J. D. Barnes and Raeburn Epler Barnes, his wife, and Mary Barnes, widow of John H. Barnes, granted an easement to the Central Ohio Light and Power Company to erect, lay, construct and maintain its transformers, poles, etc. across the land described in deed recorded in Book 80 at page 80 and copies herein in paragraph two. Said lease was filed for record in Lease Book 8 at page 23 in the Lease Records of the Recorder of Shelby County, Ohio.

"8. Continuously from and after June 16, 1932, the said Raeburn E. Barnes and/or her predecessors in title have openly occupied the land described in Book 80 at page 80 and copied herein in paragraph two.

"9. J. B. Wyatt died January 5, 1936 leaving Ruth Wilson Wyatt as sole devisee, under his Last Will and Testament of his entire estate of whatever nature."

Upon such facts found by the Common Pleas Court judgment was rendered in favor of Ruth Wilson Wyatt and appeal therefrom has been prosecuted to this Court by Raeburn E. Barnes. The notice of appeal recited that it was made upon questions of law and fact, but the cause has been submitted here upon questions of law and assignments of error filed. This Court adopts the finding of facts as made by the Common Pleas Court, but differs from that Court in its conclusions of law from the recited facts. This Court finds that the deed of John B. Wyatt and Minnie Wyatt to the Western Ohio Railway Company clearly shows that only a limited title to a right of way over the four and three-fourths acres above referred to was conveyed to the Western Ohio Railway Company and that all right and title of that Railway Company ceased and determined when it abandoned the tract for its use as a railway.

It is conceded that since June 16, 1932, the Western Ohio Railway Company has been out of possession of the four and three-fourths acres conveyed to it by Wyatt and wife on November 30, 1901; said lands have been abandoned by the Railway Company for railway purposes and ever since the Barneses have been in exclusive possession thereof.

At the time of the appropriation made by the Highway Department Ruth B. Wyatt was the successor in title as sole devisee under his will, to whatever rights or estate, if any, J. B. Wyatt was possessed at the time of his death. At the time of the appropriation by the Highway Department it is conceded that Raeburn E. Barnes was the successor in title to all of the estate conveyed to John H. Barnes and J. D. Barnes by J. B. Wyatt and his wife on November 14, 1902.

The Common Pleas Court determined that Ruth Wilson Wyatt was entitled to the fund deposited by the Highway Department for the easement appropriated. Raeburn E. Barnes has appealed to this Court of Appeals from the judgment of the Common Pleas Court and claims to be entitled to the fund in question. The decision upon this appeal depends upon the construction which must be placed upon the two deeds hereinabove referred to. The rule for determining the estate conveyed by a deed is that if the intention of the parties is apparent from examination of the deed from its four corners such intention will be given effect regardless of technical rules of construction. Both claimants concede this to be the correct rule of interpretation. **Hinman v. Barnes, 146 Oh St 497.** Adopting such appropriate rule, this Court finds that at the time of conveyance by Wyatt and wife to John H. and J. D. Barnes, J. B. Wyatt reserved and excepted from such conveyance only the limited title to a right of way or easement conveyed by them to the Western Ohio Railway Company on November 30, 1901, and that upon abandonment of that easement or right of way the title thereto passed to his assigns by his deed to John H. and J. D. Barnes, and no

right or title to the appropriated premises remained in J. B. Wyatt or his successors and that the title to the premises appropriated at the time of the appropriation thereof is vested solely in Raeburn E. Barnes who is entitled to the fund deposited by the Highway Department in the Common Pleas Court of Shelby County.

The judgment of the Common Pleas Court in favor of Ruth Wilson Wyatt is contrary to law and must be and is reversed and final judgment rendered for Raeburn E. Barnes, and such fund is ordered paid to her.

GRIFFITH and FESS, JJ, concur.