W. Vincent Grady, S.
Petition has been made to this court by Post 184, American Legion, Hudson, New York, on citation duly issued to National Commercial Bank & Trust Company of Albany, New York (Hudson Branch), administrator c. t. a., and to Rogers Hose Company No. 2, of Hudson, New York, for a construction of the last will and testament of Laura M. Saulpaugh, who died a resident of Dutchess County on the 28th day of June, 1958, which will was admitted to probate in this court on August 15, 1958, and letters of administration with the will annexed duly issued on August 15, 1958, to the National Commercial Bank & Trust Co., of Albany, New York (Hudson Branch).
By paragraph designated “ 6 ” of decedent’s will, after making some specific money bequests, it devised, “ to American *857 Legion, Post 184, Hudson, New York, my property, house and barn, and contents of both to be used as a Veterans Home. All the rest, residue and remainder to be shared equally between American Legion Post 184 of Hudson, New York, and Rogers Hose Company No. 2 of Hudson, New York.”
The question to be determined by this court is whether testatrix intended to give to the American Legion Post 184 of Hudson, New York, an absolute devise, or was it conditioned on them using the property as a veterans’ home? If the American Legion Post 184, Hudson, New York, failed to use it as a veterans’ home, would the property then become part of the residuary estate to be divided between said Legion Post and Rogers Hose Company No. 2 of Hudson, New York?
In Smith v. Incorporated Vil. of Patchogue (129 N. Y. S. 2d 422) a similar question was presented to the court in an action for ejectment. In that case the will provided, “I give, devise and bequeath to the ‘ Village of Patchogue ’ the tract of land, situated north of the Village of Patchogue, County of Suffolk and State of New York, bounded and described as follows : viz: * * * containing eight acres which said tract of land shall be forever used as a public park for the people of Patchogue.” A portion of the property devised was taken by the State of New York for highway purposes, for which the village was compensated. The court held that the testatrix devised to the Village of Patchogue a fee simple absolute. It held (p. 423) that “ Even though it is provided in the instrument that the property is given ‘ upon condition ’ that it is to be applied to certain purposes, this does not necessarily manifest an intention to create a condition. Unless there is a provision for the reverter of the property the instrument will rarely be construed as imposing a condition.”
It has also been held that words in a deed indicating the purpose of the conveyance without something more do not create a condition and the noncontinuance of the stated purpose will not defeat the estate granted (Allen v. Trustees of Great Neck Free Church, 240 App. Div. 206 [2d Dept.], affd. 265 N. Y. 570).
In Scott on Trusts (1st ed., Vol. 3, § 401.2, p. 2125) it states: 1 ‘ Where property is conveyed or devised upon a charitable trust and it is provided that if the property is not used in the manner directed it shall revert to the settlor or his heirs, the trust is subject to a condition subsequent.” Then on page 2126 it states: ‘1 Even though it is provided in the instrument that the property is given ‘ upon condition ’ that it be applied to certain purposes, this does not necessarily manifest an intention to create a condition. Unless there is a provision for the reverter *858 of the property, the instrument will rarely be construed as imposing a condition. ’ ’
After reading the petition, hearing the argument of counsel, and reading the memorandum submitted on behalf of petitioner, and after due deliberation thereon, the court finds and decides as follows:
It is the opinion of the court that Laura M. Saulpaugh, the testatrix herein, intended to devise her real property to Post 184, American Legion, Hudson, New York, in fee simple absolute, because no provision was made by her for forfeiture, re-entry or reverter. The provision of said devise “to be used as a Veterans Home ”, is precatory (a recommendation) in nature and does not restrict the prior words of absolute devise.
Submit order accordingly on notice to Rogers Hose Company, No. 2, of Hudson, New York, and National Commercial Bank & Trust Co., of Albany (Hudson Branch) New York, administrator c. t. a.