P C K Properties, Inc., et al., Appellants, *v.*
City of Cuyahoga Falls, Appellee.

(No. 4969—Decided July 27, 1960.)

*Messrs. Brouse, McDowell, May, Bierce & Wortman,* for appellants.

*Mr. David L. Sanders,* city solicitor, for appellee.

Doyle, P. J.    This action was commenced in the Common Pleas Court of Summit County, in which Ethel M. Fields, as the surviving spouse of Bernard C. Fields, deceased, and Richard E. Fields and Shirley Apelbaum, as the only children of the deceased Bernard C. Fields, sought a judgment declaring that they "be adjudged the owners in fee simple" of specific real property previously conveyed by the said Bernard C. Fields to the city of Cuyahoga Falls, Ohio.

As a ground for the prayer of the amended petition, they pleaded that, "By reason of defendant's failure to use said

premises for the purpose of creating and maintaining a public park known as and called 'Fields Park,' all the right, title and interest in and to said premises has reverted to the plaintiffs Ethel M. Fields, Richard E. Fields and Shirley Apelbaum.''

Pertinent parts of the deed from Bernard C. Fields to the city of Cuyahoga Falls appear as follows:

''Know all men by these presents, that I, Bernard C. Fields, a married man, the grantor, in consideration of one and no/100 dollars ($1.00) to him paid by the city of Cuyahoga Falls, Ohio, a municipal corporation, the grantee, the receipt of which is hereby acknowledged, does hereby grant, bargain, sell and convey to said grantee, *as long as used as hereinafter set forth*, the following-described premises, to wit: * * *.

''To have and to hold said premises, with all the rights, easements and appurtenances thereunto belonging, and all the rents, issues and profits therefrom, to the said grantee, *subject, however*, to all legal highways and zoning and allotment restrictions of record and to the conditions hereinafter contained.

''*The above-described land is to be used by said city of Cuyahoga Falls, Ohio, for the purpose of creating and maintaining a public park to be known as and called Fields Park.*'' (Italics ours.)

The amended answer of the city denied that the land was not used for recreation and park purposes, and specifically pleaded ''that the city has not used said property in any way inconsistent with the intended purpose.''

The city further pleaded that, ''if plaintiffs Ethel M. Fields, Richard E. Fields and Shirley Apelbaum had any right or interest in the property * * *, then said right or interest was lost by virtue of an attempted assignment of the same to P C K Properties, Inc. [one of the plaintiffs], and in which event, any condition or limitation contained in the deed * * * is extinguished, and the city of Cuyahoga Falls owns said property in absolute fee simple without a condition attached.''

Also, that ''the language contained in the granting clause and the habendum clause of the deed * * * does not represent a reversionary clause or a determinable fee, and does not divest the defendant of any interest in said property, and in fact de-

fendant says that an absolute fee was granted to the city in and to said property."

Pursuant to trial, the court entered a judgment on the issues. In substance the court found:

1. "That the city of Cuyahoga Falls upon accepting the deed * * * did create and maintain a city park by the nonuse of the premises for any other purpose, but that the failure of the mayor to name the premises 'Fields Park,' as required in the deed, constitutes a condition broken and gives rise to a right of re-entry on the part of the heirs of the original grantor."

2. "* * * that a contract was entered into between P C K Properties, Inc., and the heirs of the original grantor * * *, under the terms of which the heirs of the grantor agreed in writing to assign, convey and sell to P C K Properties, Inc., the right to reversion of the subject premises, and the seller agreed to execute and deliver any documents necessary to complete the sale, to complete the conveyance of said rights, and to execute the same upon the signing of the agreement."

3. That "A portion of the property covered by the agreement was conveyed, and, since equity considers that done which ought to be done, * * * that the promise to convey was unconditional and in praesenti, and was to be done immediately upon the signing of the contract. This constituted an attempt to convey."

4. "* * * that the law of Ohio, though illogical and unsupported in reason, is settled that an attempt to convey a possibility of reverter before the right of re-entry is exercised, constitutes the extinguishment of the right."

5. That the court was "bound to render judgment in favor of the defendant, on the premise that the attempt to convey extinguished the plaintiffs' rights."

6. That the amended petition of the plaintiffs should be dismissed.

At the outset of our legal observations in this appeal, it is noted that the conveyance to the city of Cuyahoga Falls embodied the limitation as to the use of the property in the granting clause (by reference, to wit: "as long as used as hereinafter set forth"), as well as in a clause immediately following the habendum clause (the clause to which reference is above made),

to wit: "The above-described land is to be used by said city of Cuyahoga Falls, Ohio, for the purpose of creating and maintaining a public park to be known as and called Fields Park."

It is further observed that, while the trial court found that the city maintained the land as a city park, it further found that the city did break a "condition" which gave right to "re-entry on the part of the heirs of the original grantor." For the purposes of this decision, we find the conclusions of fact, that the city maintained the land as a park but did not name the park "Fields Park," sustained by the evidence.

A review of the many leading cases in the various states leads to the conclusion that there is a common judicial aversion toward the termination of estates or their forfeiture upon the exercise of rights of re-entry, where the grantor is a public entity such as a state, county or municipal corporation. There appears to be an expressed reluctance to hold that either a determinable fee, or an estate upon condition subsequent, has been created.

We look with deference to the rules that a determinable fee simple is an estate created with a special limitation which delimits the duration of an estate in land; and, that an estate in fee simple subject to a condition subsequent is an estate in fee simple which includes a limitation that, upon the occurrence of "a stated event the conveyor or his successor in interest shall have the power to terminate the estate so created" (I Restatement of the Law of Property, Section 45); and, that "An estate in fee simple with a condition subsequent is differentiated from an estate in determinable fee simple by the fact that the ending of the former type of estate is not automatic upon the occurrence of the event specified in the creating conveyance, while the ending of the latter type of estate is automatic upon such occurrence. * * *" 20 Ohio Jurisprudence (2d), Estates, Section 23, and cases cited. See also: *Warren* v. *Brenner*, 89 Ohio App., 188.

The right of re-entry for condition broken in an estate with a condition subsequent is distinguished from a determinable fee, in that it takes effect, not on the happening of the event, or condition named, but on the election of the grantor.

Among the kinds of qualifications which may be annexed

to a fee simple may be found conditions for the use of the land itself, as well as for the perpetuation of a grantor's name in affixing it to the land and its use.

No particular language is required to create various conditions annexed to estates, but there must be a clear indication in the instrument of an intent that an interest is given or granted as a determinable fee or on condition subsequent. Typical language, in the opinions which are said to justify a right of entry in a determinable fee, are: "so long as," "during," or "until." Language creating a condition subsequent may follow from: "provided that," "but if," or "upon the express condition."

In the case before us, we remember that the words "so long as" are used, and if sufficient language accompanied these words to indicate an intent to grant something other than a fee simple absolute, we would have no hesitancy in saying that a determinable fee was granted, which terminated when the municipal corporation failed to name the park in compliance with the language of the deed.

However, in 20 Ohio Jurisprudence (2d), Estates, Section 29, may be found the following text with supporting Ohio authorities:

"It is generally recognized that a bare statement in a deed of the use or purpose for which the conveyance is made, unaccompanied by other words indicating an intention to qualify the estate, will not prevent the passing of a fee simple absolute. * * *"

In Section 30, *ibidem*, it is said:

"As indicated in the preceding section, it is the general rule that in situations where property is conveyed for a specific use but no express provision is made for a condition of reverter the mere statement of the purpose for which the property is to be used will not of and by itself debase a fee. * * *"

The Supreme Court of Ohio says this, without qualification, in its syllabus:

"When a conveyance of land owned in fee simple is made to and accepted by a municipality in perpetuity for use as a park, and there is no provision for forfeiture or reversion, the entire estate of the grantor is divested, and the title of the mu-

nicipality thereto is not a determinable fee but a fee simple." *Miller* v. *Village of Brookville*, 152 Ohio St., 217, 15 A. L. R. (2d), 967.

See also: *In re Matter of Copps Chapel Methodist Episcopal Church*, 120 Ohio St., 309; *Village of Ashland* v. *Greiner*, 58 Ohio St., 67.

It thus appears that, under circumstances such as exist here, and in adhering to the principles of law pronounced by the Supreme Court of this state, a conveyance of land in fee simple, made by a donor to a municipal corporation, which contains in the granting clause of the deed (by specific reference to a subsequent clause) that such land is deeded to the municipal corporation "so long as" the land is "used * * * for the purpose of creating and maintaining a public park to be known as and called Fields Park," does not create a determinable fee, nor indeed an estate with a condition subsequent, without other language in the deed providing for reversion or forfeiture in the event of broken conditions; and that the failure to name, after the donor, a park to be created thereafter, or even to create a park on the premises at all, does not automatically terminate the estate upon such occurrence, nor would it justify a re-entry by the affirmative action of the grantor or his heirs after the failure of the grantee to comply with terms of the deed.

While we could terminate this opinion at this point, and affirm the judgment of the trial court in its dismissal of the amended petition for the reasons above stated, we find it proper to observe that, in our judgment, the doctrine no longer prevails in Ohio that an attempt to convey, or an actual conveyance of, a right of re-entry of "a possibility of reverter before the right of re-entry is exercised, constitutes the extinguishment of the right." In this respect we differ from the finding of the trial court.

Of course, the trial court was speaking of an estate with a condition subsequent, and not a determinable estate. However, such a rule could no longer exist in this state, in view of Section 2131.04, Revised Code, which is as follows:

"Remainders, whether vested or contingent, executory interests, and other expectant estates are descendible, devisable and alienable in the same manner as estates in possession."

It is a reasonable conclusion to draw that the Legislature intended to include rights of re-entry and possibilities of reverter under the designation "other expectant estates."

*Judgment affirmed.*

STEVENS and HUNSICKER, JJ., concur.