## WILLIS *v.* HANNAH.

[Cite as Willis v. Hannah, 9 Ohio Misc. 221.]

222

Court of Common Pleas, Scioto County.

*Messrs. Miller, Searl & Fitch,* for plaintiff.
*Mr. C. L. Huddleston, Jr.,* for defendant.

STEPHENSON, J. The facts in this case are not in dispute and the court feels they can be summarized in the following manner. On December 20, 1939, C. D. Pritchard owned in fee simple, a 5.720-acre tract of land located within the city of Portsmouth, Ohio. On that date, by warranty deed, he conveyed to the city of Portsmouth a tract of land from the 5.720 acres, the tract being sixty-six (66) feet in width and extending through the whole tract, the description stating the purpose to be that "of extending Jackson Street easterly to Broadway Street." The deed contained, following the warranty clause, the following:

"It being the intention of the grantor herein that the property hereinabove described is to be used by the grantee herein for street purposes only and that in the event said real estate described herein shall cease to be used for street purposes by the grantee herein, the same shall revert to the grantor, his heirs and assigns forever."

Thereafter, Pritchard, by deed dated August 10, 1942, conveyed to Mark B. Hannah the 5.72 acre tract. No mention of the prior conveyance to the city of Portsmouth is found in the deed.

Subsequently, Hannah, by deed dated March 10, 1952, conveyed the premises to M. N. Sheridan. This deed described the

5.72-acre tract. At the end of the description the following is found:

"And also excepting therefrom lands heretofore dedicated by C. D. Pritchard to the city of Portsmouth for street purposes."

Subsequent conveyances were made of the tract, included in the subsequent chain of which is Mary B. Hannah. In 1954, 3.764 acres of the 5.72-acre tract were conveyed to a realty company who platted the same. The plaintiff herein holds title to lots Number 9, 10 and the east half of 11 of that tract. All conveyances up to the time of platting contained the exception noted in the deed from Hannah to Sheridan, above described. In 1953, while the 5.72-acre tract was held by Ruth Hannah Willis, the city of Portsmouth, through council action, vacated the strip originally deed by Pritchard for street purposes. One of the reasons for vacating was that Ruth Hannah Willis deeded an alternate strip, which she did prior to the vacation. Ruth Hannah Willis at the time of vacation owned all the property surrounding the vacated tract.

Thereafter, Ruth Hannah Willis conveyed to the realty company, which conveyance is referred to above, 3.764 acres, which acreage included the vacated tract.

It appears that Mark B. Hannah has asserted title to the vacated tract and the plaintiff has filed this quiet title proceeding, joining as parties, defendants, Mark B. Hannah and Sara A. Hannah, his wife, Richard Murray and Sara Murray, C. D. Pritchard and Carrie Pritchard. Defendants filed an answer and cross petition against the plaintiff to quiet title. An answer was filed to the cross petition setting up several defenses including laches, upon which defense, this cause was continued, subject to a determination of the other issues in the case. From the pleadings, the agreed statement of facts and the briefs, the contentions of the respective parties appear to be the following:

Defendant, Hannah, grounds his claim to the vacated portion upon the argument that when the 5.72-acre tract was conveyed to him by Pritchard, he received all right title and interest of Pritchard's, including the right of having the sixty-six (66) foot tract revert to him in case of an abandonment by the

city; that the subsequent conveyance excepted this right from the conveyance and nothing passed to subsequent grantee. Hannah describes this right as a "possibility of reverter" and that the Pritchard conveyance to the city gave the city a determinable fee interest.

Plaintiff, Willis, on the other hand, maintains that Ruth Hannah Willis, a predecessor in title to him, owned all the land surrounding the sixty-six (66)-foot strip at the time of vacation, and therefore title vested in her. Willis further argues that no matter if the deed by Pritchard conveyed a fee simple estate, a determinable fee, or an easement title would still be in the plaintiff.

It is the contention of plaintiff that if Pritchard conveyed a fee simple, upon vacation, the title reverted to adjoining land owners. If a determinable fee, the conveyance was sufficient to pass the possibility of reverter and if an easement only was passed, by the same token the conveyance transferred the underlying fee to plaintiff's predecessor in title.

In order to resolve the problems herein, it must initially be determined as to what was conveyed by Pritchard to the city of Portsmouth. A reading of the deed leads inescapably to the conclusion that the limiting words following the warranty clause withheld the possibility of reverter and that a fee simple was not therein conveyed. That an easement only was not conveyed, is readily apparent inasmuch as not only is the conveyance by warranty deed with all of the usual clauses therein and, particularly, the granting clause in which the grantor does grant, bargain, sell and convey to the said the city of Portsmouth, Ohio, its successors and assigns forever the following described *real estate,* etc. See *Hinman* v. *Barnes,* 146 Ohio St. 497, as to the test of whether an easement or fee is conveyed. Therefore by elimination, there remains only the question whether there was an estate conveyed with a condition subsequent or a determinable fee. The authorities point out that the test of which is created is whether the language provides for an automatic reverter when the determining event takes place, or whether under the terms used, the grantor or his heirs were clothed with the right to immediately step in and declare a reverter. See American Law of Property Vol. 1, Section 4.12. The language employed in the limiting use in this deed is suf-

ficient to accomplish an automatic reverter and, therefore, the deed created a determinable fee. Ohio has recognized such estates. *Bartholomew* v. *Rothrock* (App.), 20 Ohio Law Abs. 513.

The court feels no good purpose would be accomplished by the reviewing of the voluminous and often split authorities upon whether or not a possibility of reverter is alienable, because of the enactment of Section 2131.04, Revised Code. It provides:

"Remainders, whether vested or contingent, executory interests and other expectant estates are discernible, devisable and alienable in the same manner as estates in processions."

This court recognizes that at common law a possibility of reverter was not an estate but merely a right, and that if "estate" is used in the common law acceptation, the possibility of reverter is not included in the statute. However, since it is a question of judicial interpretation and free disposition of property should be encouraged, the term "expectant estates" should be construed to include the possibility of reverter. One Ohio Appellate Court has, by dictum, so construed it. See *PCK Properties Inc.* v. *Cuyahoga Falls*, 112 Ohio App. 492. This court adopts that reasoning. Both parties herein urge the view reached for the reason that a contrary interpretation would place the property herein in neither Hannah or Willis, but in Pritchard, assuming estoppel of title would be inapplicable between Pritchard and Hannah.

Having concluded that the possibility of reverter is alienable, the remaining question is whether or not it was conveyed by Hannah to plaintiff's predecessors in title. Restating the problem differently, did the conveyance from Hannah to Sheridan except the possibility of reversion from the conveyance. This deed which conveyed "all the Estate, Title and Interest of the said Mark B. Hannah and Sara H. Hannah, either in law or equity, in and to the said premises, together with all the privileges and appurtenances to the same belonging, etc.," provided after the description and the acreage conveyed, the following:

"save and except from the above so much thereof as heretofore been platted into lots, streets and alleys into the Frowine Addition in and to said city of Portsmouth."

"And, also, excepting therefrom the lands heretofore dedi-

cated by C. D. Pritchard to the city of Portsmouth for street purpose. (Tax Duplicate Card No. 939—Land east side Boundary Street—2.94 Acres.)''

It is readily apparent that it is not clearly discernible whether the possibility of reverter was that to which the exception applies. It has been well stated that the general rule in the construction of deeds, intention of the parties is to be given controlling effect where the question is as to quantum of the estate granted. 17 Ohio Jurisprudence 2d, Section 106, *Re Claim of Wyatt*, 74 Ohio Law Abs. 450, *Guider v. Thompson*, 80 Ohio Law Abs. 148. Also, it is generaly held that exceptions and reservations are construed strictly against the grantor and in favor of the grantee. The reason for the rule is that the words chosen are those of the grantor.

It should be observed that there is no legal inhibition as to a grantor of an easement for a highway or street, who at the time of the dedication owning the abutting fee, from conveying the abutting property but retaining the fee interest in the street if the deed of conveyance of the abutting property clearly shows his intention to do so. Nor would there be any legal inhibition to the owner of a possibility of reverter clearly excepting it from a conveyance of the abutting property. No Ohio cases have been found which set forth the proper manner in conveying a possibility of reverter. Under Section 2131.04, Revised Code, it would appear that conveyance is by the same method as conveyance of an estate in possession, that is, by deed. There are therefore guide posts, by analogy, wherein the courts have construed exceptions and reservations in deeds, wherein a highway easement was previously conveyed.

Where only an easement is given for highway purposes, an exception or reservation of a former conveyance for a street or highway is not sufficient to retain the fee underlying the street in the grantor. This is so even though the underlying fee is not included in the description, provided that one line is bounded or abuts on a highway or railroad right of way. See *Greenberg v. L. I. S. Co.*, 161 Ohio St. 351, and cases cited therein; Thompson on Real Property, 1962 Replacement, Vol. 6, Section 3095, P. 807. The rule is based on a presumption that the grantor intended to convey such fee along with and as a

part of the conveyance of the abutting land, generally on the theory that he did not intend to retain a narrow strip of land which could hardly be of use or value except to the owner of the adjoining land.

There is also a line of decisions which places weight on the insertion of the purpose of the exceptions or reservations, holding that it was intended not to except the fee. See 139 A. L. R. 1339 at page 1347. This court feels logic requires a like application herein. Under the circumstances of this case, it appears unlikely to the court that the grantor intended to keep his possibility of reverter which, if it came into being, would be a narrow strip with access only at the ends and not at any place along its length, or that the grantee intended to purchase the surrounding land with the possibility that the grantor or his heirs would own a strip through the middle making one part inaccessible to the other. There was a very good reason why the exception was placed in the deed other than to except the possibility of reverter, namely, that it relieved the grantor from his covenant against encumbrances. The courts have gone to some lengths to interpret deeds to prevent strips of lands to remain in remote dedicators as opposed to the rights of abutting owners. The forceful reasons bringing about these interpretations has equal force to the situation herein. Bolstering the conclusion reached herein, is the manner in which the words "excepting street and alleys and lots of the Frowine Addition" were used. This exception reads:

"Save and except from the above so much thereof as heretofore been platted into lots, streets and alleys into the Frowine Addition in and to said city of Portsmouth."

Under the Ohio decisions, no argument could logically be made, that if these streets and alleys were vacated that the grantor and not the grantee would have the fee upon vacation. See *Greenberg* v. *L. I. S., supra; Rinnear Mfg. Co.* v. *Beatty,* 65 Ohio St. 264. This is not to say that it could not be done, however, this exception used, under the authorities, would be clearly inadequate to manifest such an intention.

After the above exception in the deed, the grantor then continues:

"And also excepting therefrom the lands heretofore dedi-

cated by C. D. Pritchard to the city of Portsmouth for street purposes."

If the grantor in the second exception meant something different than in the first, the distinction must rest upon subleties this court is unable to discern. Rather, the more reasonable interpretation is that the exception was in each case to protect him under his covenants.

It is, therefore, the conclusion of the court that the exception herein, was an exception only of the rights of the city of Portsmouth, and that the possibility of reverter passed to the grantee of the abutting tract, the grantor not having manifested a contrary intention.

Reaching the above conclusion herein, the court does not deem it necessary to pass upon the additional grounds claimed by the defendant.

An entry may be drawn accordingly.

*Judgment accordingly.*