■ WILLIAM H. STILLWELL, Appellant, v. WILLIAM F. MORLEY, Respondent. — *Per Curiam*. By deed dated June 29, 1878 one Smith Stillwell conveyed to the Ogdensburg and Morristown Railroad Company, then engaged in the construction of a railroad, a strip of land 80 feet in width across his farmland. The instrument recited that the grant was made "for and in consideration of the covenants conditions and for the [monetary] consideration" therein expressed. It further stated that the railroad corporation accepted the conveyance "upon * * * terms" which it faithfully agreed to keep, one of which provided that it would "construct and put in operation and maintain forever a Railroad over the land hereby granted within a reasonable time" and another that it would maintain during the period of its operation "the convenient cattle and carriage ways and passes now constructed across or under the track of said Railroad so as to accommodate each of the farms through which this grant extends". Contemporaneously, the parties also executed an agreement which contained identical language. The trackage was constructed upon the premises conveyed, as the grantee railroad corporation had agreed, and maintained until 1963 when its then owner abandoned the operation of the railway and by deed dated June 1, 1964 conveyed the premises which are the subject of this litigation to defendant. Plaintiff, as the devisee and sole surviving distributee of his father, Smith Stillwell, then instituted this action for a declaration that he was the owner in fee of the real property and entitled to immediate possession thereof and for damages allegedly sustained for its wrongful withholding. After issue was joined, defendant moved for summary judgment. Special Term ruled that the language employed in the conveyance did "not create a condition subsequent or any other limitation on the fee conveyed, and the provision for the operation and maintenance forever of a railroad over the premises" was "at most a covenant or descriptive of the purposes for which the land was to be used." Judgment accordingly was granted to defendant and plaintiff has appealed. The determination of the question whether the language used by the parties amounted to a mere covenant or to a condition subsequent with the right of re-entry is dependent upon their intention to be gathered from the instruments themselves and from the surrounding circumstances. (*Lyon* v. *Hersey*, 103 N. Y. 264; *Avery* v. *New York Cent. & Hudson Riv. R. R. Co.*, 106 N. Y. 142; *Post* v. *Weil*, 115 N. Y. 361.) The use of the words "covenants" and "conditions" to describe the effect of the conveyance in itself creates an ambiguity. Neither term is of conclusive significance on the question of intent. (*Matter of Gaffers*, 254 App. Div. 448, 453.) The absence of an express provision reserving the right of re-entry and the disfavor with which courts regard forfeitures, although not controlling, also bear upon this issue. (*Lyon* v.

*Hersey, supra,* p. 270; *Post* v. *Weil, supra,* pp. 371–372.) The destruction of the rights of passage for cattle and vehicles reserved to the grantor by the deed, which a transfer of title and a diversion of the strip to other than railroad uses would effect, is also a factor which may be considered. There may be other reasons which support the respective views of the parties. While Special Term said that it is " conceded no fact is in dispute and only a question of law is presented ", and the facts are, indeed, conceded, the inferences from them — most importantly, that of intent — are not, and these conflicts cannot be resolved by summary judgment (cf. *Stone* v. *Goodson,* 8 N Y 2d 8) as, of course, "' issue-finding, rather than issue-determination, is the key to the procedure '" (*Sillman* v. *Twentieth Century-Fox Film Corp.,* 3 N Y 2d 395, 404.) Judgment and order reversed, on the law and the facts, and motion denied, without costs. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur; Herlihy, J., dissents in the following memorandum. I agree with the opinion of Graves, J., at Special Term (see 50 Misc 2d 1012), but find it necessary to remit because of the additional finding which I would make in this court. It was the intention of the original parties that the railroad and the passageways should be perpetual. Changing times, not contemplated, have altered those circumstances and I find that the said passageways, assuming that such exist over the defendant's premises, now constitute a right-of-way over the said premises conveyed by the railroad to the defendant herein. The matter should be remitted to Special Term to determine if such right of passageway attached to the premises conveyed by the railroad to this defendant and, if so, to define, under present existing circumstances, the rights and interests of the respective parties in the right-of-way. (See *Long Bldg.* v. *Brookmill Corp.,* 276 App. Div. 1087; *Strevell* v. *Mink,* 6 A D 2d 350, 354.)