534 P.2d 1056

**CITY OF TEMPE, a municipality, and John G. Holyoke, License Administrator, City of Tempe, Appellants,**

v.

**BASEBALL FACILITIES, INC., Appellee.**

**No. 1 CA–CIV 2544.**

Court of Appeals of Arizona,
Division 1,
Department B.

May 8, 1975.
Rehearing Denied July 29, 1975.

**558**

David R. Merkel, City Atty. City of Tempe, and Snell & Wilmer by Mark Wilmer, Phoenix, for appellants.

Hughes & Hughes, P.C. by John C. Hughes, and Leven B. Ferrin, Phoenix, for appellee.

## OPINION

JACOBSON, Presiding Judge.

The question dispositive of this case on appeal is whether the trial court was correct in finding that the City of Tempe acted arbitrarily and capriciously in its denial of the privilege tax permits requested by Baseball Facilities, Inc.

The facts in this case are not in serious dispute. In March of 1973, the appellee, Baseball Facilities Inc. (BFI), made applications to the City of Tempe for privilege (sales) tax permits to conduct upon its leased premises various types of activities, such as a music festival and an evangelistic group. The City rejected the applications on three grounds: (1) the stadium where the activities were to be conducted had been damaged and presented a hazard if public use were permitted; (2) the deed restrictions on the land prohibited its commercial exploitation; and (3) the City Attorney had advised that the area was not zoned for commercial usage.

A Special Action was brought against the City for the refusal to issue the requested permits. A hearing was held on April 19, 1973. Based on the information presented to the court, it ruled that the City acted arbitrarily in refusing to issue the permits as reasonable conditions precedent to their issuance could have been imposed by the City to protect the health and safety of the public. The City appeals from this decision. To resolve this appeal, the actions of the City must be examined.

■ Under the Tempe City Code a transaction privilege permit is a required condition precedent to engaging in or continuing in business activities within the city. Requiring such permits is a valid exercise of the City's police power. Burton v. Municipal Court, 68 Cal.2d 684, 68 Cal. Rptr. 721, 441 P.2d 281 (1968). The City Code provides:

"It shall be a condition precedent to issuance of a permit that all ordinances, regulations and requirements affecting

the public peace, health and safety be complied with in toto." Tempe City Code Ch. 33, art. 2, § 33–12 (1969).

In its letter denying BFI a permit, the City stated that this Code provision had not been complied with. The City's reason for alleging noncompliance was that the structure was "in hazardous condition due to extensive damage to the electrical system and that damage to plumbing may pose health problems if the structure is used by the public."

The facts concerning the defects and the necessary repairs were catalogued in the trial court hearing by the City Director of building inspection. The director and BFI's groundkeeper disagreed on the length of time necessary to make the premises safe, but both agreed that the damage was reparable. The President of BFI was aware of the damage and stated that the proper workmen would be hired to remedy the situation.

The trial judge held that "the City of Tempe could have required reasonable conditions as a means of protecting the health and safety of the public as conditions precedent to the issuance of such permits and hence the denial of the permit was arbitrary and capricious."

The question is thus posed as to whether the City, in denying a permit, must specify the particular conditions which must be corrected before a permit will be issued or whether the generalized statement that electrical and plumbing problems exist will suffice.

■■■ It is important at this juncture to emphasize what BFI is not complaining about. It does not contend that it was not given notice of the basis upon which the City denied its permit. Nor does it contend that it was entitled to a permit until the defects, affecting public safety and health, of which it was aware, were remedied. It merely contends, in essence, that since a running legal battle existed between itself and the City, it was entitled to advance notice of the particular defects which the City wished remedied so to

avoid the City's arbitrarily finding other defects which would form the basis of an excuse for denial of the permit. In this regard, BFI couches its argument for advanced notice, and this "protection" in terms of due process. We simply fail to see any denial of due process, as we understand that constitutional phrase, in this situation. As previously indicated, BFI does not complain of a lack of notice, nor of an opportunity to be heard, the classic prerequisites of due process. Marco v. Superior Court, 17 Ariz.App. 210, 212, 496 P.2d 636, 638 (1972). Moreover, we cannot presume that an administrative agency of the City will act arbitrarily. See Blackman Health Resort v. Atlanta, 151 Ga. 507, 107 S.E. 525 (1921). And, if it does act arbitrarily in determining that BFI had not fulfilled the requisite conditions precedent to the issuance of the permits, BFI has a remedy. See Sulphur Springs Val. Elec. Corp. v. City of Tombstone, 99 Ariz. 110, 407 P.2d 76 (1965).

We therefore hold that while the trial court correctly held that if the facilities were brought into compliance with the city code the requested permits must be issued, it was in error in determining that the City was under a duty to supply BFI with a "punch list" of defects and its denial and failure to do so was arbitrary and capricious action.

■■■ Secondly, BFI argues that the denial of its application for a permit is a denial of equal protection. In this regard, BFI points to prior permits being issued for its facility and argues that since others received permits to use the facility to deny its use to BFI operates as a denial of equal protection. However, BFI failed to show that the present condition of the facilities (admittedly unsafe) is the same as when the permits were previously issued. Thus, its denial of equal protection argument, even if available in this situation, must fail.

The second reason set forth in the City's denial letter to BFI was that the deed restrictions prohibited the proposed uses.

The City stated that the land was subject to a reversionary interest in Maricopa County if the deed restriction was broken.[1] In 1965 and 1966 the county executed two quitclaim deeds in favor of the City. Both conveyances contained the following provision:

"Subject to the restriction that the . . . real property shall be operated and maintained solely for park, recreational and public accommodation, and convenience purposes."

No words creating a right of re-entry or indicating a reversionary interest in the County are used.

The City, in denying the requested use permits because of the above restriction, apparently construes the language as creating an estate in fee simple determinable. Restatement of Property § 44 (1936). Such an estate in fee simple automatically terminates upon the occurrence of the event specified in the creating conveyance. P C K Properties, Inc. v. City of Cuyahoga Falls, 112 Ohio App. 492, 495, 176 N.E.2d 441, 444 (1960). In other words, when the proper words are used the grantor retains a possibility of reverter upon the occurrence of the stated event. Van Zandt v. Chan, 7 Ariz.App. 360, 362, 439 P.2d 523, 525 (1968). Although no particular language is required to create such an estate, an intent to do so is generally indicated by the use of the words denoting a duration of time such as "while," "during," "until," or "so long as." Restatement of Property § 44, comment 1, at 128 (1936). The court, in construing estates, looks for an express intent to create other than a fee simple estate. A.R.S. § 33–432 (1956). Generally, a conveyance containing a clause such as that used by the County does not indicate an intent to create a fee simple determinable. Hagaman v. Board of Education of Woodbridge Tp., 117 N.J.Super. 446, 452, 285 A.2d 63, 66 (1971).

Nor is there evidence to support a denial based on the possibility of this deed restriction being construed as a fee simple subject to a condition subsequent. The express language of the deeds subjects the property to a particular restriction but does not provide for a right of re-entry in the grantor or its successors. The right to re-enter and terminate a fee simple subject to a condition subsequent must be retained as upon the happening of the stated event, the forfeiture of the estate is not automatic. P C K Properties, Inc., 112 Ohio App. at 495, 176 N.E.2d at 444; Restatement of Property § 45 (1936). This deed provision does not indicate an intent to create such an estate nor does it provide for a right of re-entry. Therefore, it does not appear that a fee simple subject to a condition subsequent was created. The language could be construed as merely precatory, In re Saulpaugh's Will, 15 Misc.2d 856, 180 N.Y.S.2d 623 (1958), or as a restrictive covenant. See Stillwell v. Morley, 26 A.D.2d 740, 272 N.Y.S.2d 193 (1966). A restrictive covenant is subject to such equitable defenses as waiver and estoppel; there is ample evidence on the record of activities similar to those for which the permits are requested having previously taken place on the premises so that such a construction of the deed's language is unlikely to result in the City's loss of its interest in this land.

The second reason stated by the City for a denial of the requested use permits is not supported by the evidence.

The third reason given by the City for denying the requested permits is that the property is not zoned properly so that permits cannot be issued. The City abused its discretion by basing a denial on zoning considerations. Not only is there evidence on the record that other similar use permits had been granted despite any zoning questions, but pursuant to the lease between the City and BFI, the City agreed

---

1. Since Maricopa County was not a party to these proceedings, obviously, our holding as to the interpretation of this restriction is not binding on it.

to grant any requested zoning. City of Tempe v. Pilot Properties, Inc., 22 Ariz. App. 356, 527 P.2d 515, 518 (1974). Additionally, at the hearing there was a conflict in the testimony as to the type of zoning in effect at the time the use permits were requested. As the record does not substantially reflect that the property was not properly zoned and as the proper zoning was to be granted BFI pursuant to the lease terms, denying the requested permits for zoning considerations was an arbitrary and capricious determination.

For the reasons stated herein, the decision of the Superior Court is reversed and the petition for special action relief is dismissed.

HAIRE, C. J., and EUBANK, J., concur.