753 P.2d 1187

**Mary Elizabeth EDWARDS, Plaintiff/Appellee, Cross–Appellant,**

v.

**STEWART TITLE & TRUST OF PHOENIX, INC., Defendant/Appellant/Cross–Appellee.**

**No. 2 CA–CV 88–0087.**

Court of Appeals of Arizona, Division 2, Department B.

March 31, 1988.

Rowland Stevens, Phoenix, for plaintiff/appellee/cross-appellant.

Lewis and Roca by Dale A. Danneman, Janet Napolitano, and James T. Acuff, Jr., Phoenix, for defendant/appellant/cross-appellee.

## OPINION

ROLL, Judge.

Defendant / appellant / cross - appellee Stewart Title and Trust of Phoenix, Inc. (Stewart Title) appeals from a judgment entered in favor of plaintiff/appellee/cross-appellant Mary Elizabeth Edwards (Edwards) in connection with a complaint filed by Edwards against Stewart Title alleging breach of contract in connection with Stewart Title's failure to follow escrow instructions. For the reasons set forth below, we affirm as modified.

### FACTS

On February 10, 1981, Mary Elizabeth Edwards and her husband Donald Edwards agreed to sell a Glendale home to Frank Farmer. Farmer signed a note secured by a deed of trust, by the terms of which he agreed to pay $50,500 for the residence in monthly installments of $300 with interest at the rate of 7 percent per annum. The parties also agreed that if Farmer died

before he completed the payments, the residence would revert to the Edwards.

The Edwards and Farmer engaged Stewart Title as escrow agent. Escrow officer Art Robinson prepared a worksheet summarizing the terms of the agreement. These terms were furnished by the parties. The worksheet contained the handwritten notation:

In the event of the death of Buyer prior to payment in full of note to Seller, this property is to revert to Sellers or in the event of their death, to their daughter, Dorinda Carole Edwards.

Robinson agreed to prepare the documents for the transaction.

On February 11, 1981, the Edwards and Farmer signed the documents prepared by Robinson, including the escrow instructions and the warranty deed. The escrow instructions contained all of the terms of the transaction, including the typed clause:

NOTE: In the event of the death of the Buyer prior to payment in full of the Note and Deed of Trust to Seller, the Buyer directs that this property is to revert to the Sellers or in the event of their death, to their daughter, Dorinda Carole Edwards.

The warranty deed, however, made no mention of the Edwards' reversionary interest in the property. Accordingly, no document reflecting the reverter was recorded by Stewart Title.

The escrow instructions also included the following terms:

SELLER AND BUYER:

\* \* \* \* \* \*

2. Will deliver to Escrow Agent all documents, pay to Escrow Agent all sums and do or cause to be done all other things necessary, *in the sole judgment of Escrow Agent*, to enable it to comply herewith and to enable any title insurance policy provided for herein to be issued.

\* \* \* \* \* \*

13. Direct that when these instructions have been complied with and Stewart Title Guaranty Company is willing to issue its title insurance policy, as herein-after provided, and when Escrow Agent's charges have been paid, *it shall file for record in the appropriate public office all necessary documents required to be filed or recorded*, instructing the County Recorder's Office to mail any documents recorded therein to the parties entitled thereto at the address given herein, at which time Escrow Agent shall disburse all funds paid to it hereunder, as provided herein. (Emphasis added.)

In July 1983, Farmer sold the property to Charles Brown. Because the 1981 warranty deed recorded by Stewart Title made no reference to the reverter, Brown had no notice of that provision and was a bona fide purchaser for value. A.R.S. § 33–411(A).

On August 12, 1983, Farmer died. Thereafter, Mary Edwards collected a total of $11,000 on the note. During this period of time, Donald Edwards died.

In October 1983, Edwards' appraiser concluded that the fair market value of the property was $55,500. When the residence did not revert to Mary Edwards upon Farmer's death, she unsuccessfully attempted to resolve the matter with Stewart Title. Edwards subsequently commenced litigation.

## PROCEDURAL HISTORY

On April 10, 1985, Mary Elizabeth Edwards sued Stewart Title, alleging breach of contract, breach of fiduciary relationship, and unauthorized practice of law. The trial court dismissed the allegations of breach of fiduciary relationship and unauthorized practice of law based on the applicable statutes of limitations.

Following a trial to the court, judgment was entered in favor of Edwards on the breach of contract count. The trial court awarded Edwards $55,500 less an $11,000 set-off, which represented the total paid to Edwards between August 1983, when the house would have reverted to Edwards, until the judgment of October 15, 1986. The trial court also awarded Edwards $10,000 in attorneys' fees.

## ISSUES ON APPEAL

On appeal, Stewart Title argues that (1) it did not breach its contract with Edwards when it failed to record the reverter, (2) the trial court erred in awarding the damages to Edwards since Edwards retains the note on the property purchased by Brown, and (3) the trial court erred in awarding Edwards damages due her husband's estate.

Edwards cross-appeals, alleging that (1) she was entitled to prejudgment interest on the sum awarded, and (2) the trial court should not have granted Stewart Title's motion in limine preventing the introduction of evidence in support of punitive damages.

## STEWART TITLE'S APPEAL

*Stewart Title's Failure to Record the Reverter*

■ If a judgment can be sustained on any theory framed by the pleadings and supported by the evidence, we must affirm. *Coronado Company, Inc. v. Jacome's Department Store*, 129 Ariz. 137, 139, 629 P.2d 553, 555 (App.1981). An escrow agent's duty is to act in strict accordance with the terms of the escrow agreement. *Maganas v. Northroup*, 135 Ariz. 573, 576, 663 P.2d 565, 571 (1983).

The trial court concluded that the escrow instructions directing a reversion in the event Farmer died before full payment of the note would have conveyed an estate in fee simple determinable, which is legal and enforceable in Arizona. *City of Tempe v. Baseball Facilities, Inc.*, 23 Ariz.App. 557, 560, 534 P.2d 1056, 1059 (1975). However, the warranty deed recorded by the escrow agent conveyed an estate in fee simple. A.R.S. § 33–411(A) provides:

> No instrument affecting real property is valid against subsequent purchasers for valuable consideration without notice, unless recorded as provided by law in the office of the county recorder of the county in which the property is located.

Failure to record the reversionary interest, in light of A.R.S. § 33–411(A), resulted in the loss of the Edwards' reversionary interest. This loss is particularly signifi-

cant because the $300 monthly payments required of Farmer were barely sufficient to cover interest on the loan. The Edwards agreed to these terms because Farmer could not afford higher payments.

"The trial court's findings of fact are binding upon an appellate court unless clearly erroneous or unsupported by any credible evidence." *Imperial Litho/Graphics v. M.J. Enterprises*, 152 Ariz. 68, 72, 730 P.2d 245, 249 (App.1986). The trial court had adequate evidence before it from which to conclude that the parties instructed Stewart Title to record the reversionary interest. The escrow instructions specifically required the escrow agent to "file for record in the appropriate public office all necessary documents required to be filed or recorded."

Stewart Title argues that the reverter clause was not a document and that therefore escrow instruction 13 did not obligate Stewart Title to include in the warranty deed reference to the reversionary interest. We disagree. The trial court was not clearly erroneous in concluding that Stewart Title breached its contract with the Edwards by failing to properly record the reverter clause.

*Computation of Damages Awarded to Edwards*

■ Stewart Title claims that the trial court's award of damages resulted in a windfall for Edwards. The trial court awarded $55,500 damages less an $11,000 set-off representing payments made to the Edwards after the death of Farmer. The trial court did not enter an order regarding the payments currently being made by Brown on Farmer's note. Accordingly, in addition to receiving the $44,500 judgment against Stewart Title, Edwards continues to receive payments from Brown.

Stewart Title contends that Edwards was entitled to no more than these monthly payments. Stewart Title argues that the trial court should have credited the value of the note against the value of the property and, by failing to do so, put Edwards in a better position than she would have been in if the reverter had been recorded.

Had the reverter clause been in the deed, Edwards would have been entitled to the return of the property immediately upon Farmer's death. Although the trial court did not purport to dispose of Farmer's note, it appears from the following interchange during the closing argument that the trial court did contemplate an assignment of the note to Stewart Title:

THE COURT: You're avowing to the Court that you will assign [the note] to the defendant? Is that what you're saying?

[COUNSEL FOR EDWARDS]: Yes, sir. We have if we get paid the value of the property. It would be grossly unfair and fraud to keep it for the reasons that [opposing counsel] has mentioned. We obviously cannot get the property and keep the note vis-a-vis the parties' interest.

Now, if that's the alternative and it's between being fair with plaintiff and defendant, then we could keep the note. But insofar as, yes, we offered in the complaint, and we still offer to assign the note. Of course, the problem is what the defendant does, and we may not be able to force the defendant to take the note. But I do think the Court can say—

THE COURT: I can suggest that if they request it, you would do it.

Double recovery is disfavored in the law. *Adams v. Dion,* 109 Ariz. 308, 309, 509 P.2d 201, 202 (1973); *Ball Corp. v. George,* 27 Ariz.App. 540, 545, 556 P.2d 1143, 1148 (1976). Damages for breach of contract are those which arise naturally from the breach itself or which are reasonably supposed to have been within the contemplation of the parties at the time the contract was entered. *All American School Supply Co. v. Slavens,* 125 Ariz. 231, 233, 609 P.2d 46, 48 (1980). An award of $55,500 to Edwards conditioned upon the note being assigned to Stewart Title would result in full compensation to Edwards without a windfall. Because the parties intended that Edwards receive monthly payments on the note until the note was paid off or Farmer died and the property reverted, the $11,000 set-off should not have been ordered. The trial court's judgment should be modified accordingly.

*Edwards is Entitled to Recover Full Damages*

■ Stewart Title also argues that Edwards is entitled to only one-half of the damages awarded because the record did not reflect that she is the sole beneficiary of the estate of her husband, Donald Edwards. The complaint was filed on behalf of Mary Elizabeth Edwards. It appears that not until closing argument did Stewart Title maintain that she was entitled to only one-half the amount of damages requested because of a lack of evidence that she was her husband's sole beneficiary. The trial court permitted Edwards to supplement the record regarding her status as sole beneficiary and Stewart Title declined the opportunity to present additional evidence on this matter. On these facts, the trial court did not abuse its discretion in concluding that Edwards was entitled to the full amount of damages. Rule 15, Ariz.R.Civ.P. 16 A.R.S.

### EDWARDS' CROSS–APPEAL

*Prejudgment Interest*

■ Edwards argues that she should have been awarded prejudgment interest. Prejudgment interest is awarded in Arizona only when the amount sought is readily ascertainable and subject to exact computation. *Peterson v. Valley National Bank of Phoenix,* 102 Ariz. 434, 442, 432 P.2d 446, 454 (1967); *Duncan v. State,* 157 Ariz. 56, 754 P.2d 1160, (Ct.App., 1988). Prejudgment interest is inappropriate here. Prior to judgment, Edwards was receiving monthly payments on the note. Accordingly, she has received the interest to which she is entitled for that period. Edwards will receive $55,500 with interest thereon from the date of judgment.

*Punitive Damages*

■ Prior to trial, Stewart Title filed a motion in limine to exclude Edwards' claim for punitive damages. The trial court granted this motion. Punitive damages are damages awarded in excess of full compen-

536

sation to punish the wrongdoer and to deter others from emulating such conduct. *Linthicum v. Nationwide Life Insurance Company*, 150 Ariz. 326, 330–31, 723 P.2d 675, 679–80 (1986). The longstanding rule in this state has been that punitive damages should be awarded only in the most outrageous cases. *Id.* The inadvertent failure of the escrow officer to record the reversionary interest does not constitute such outrageous conduct as to warrant punitive damages. The trial court did not abuse its discretion in this regard.

We affirm the judgment of the trial court in all respects except the judgment is modified to award Edwards $55,500 with no set-off, conditioned upon Edwards' assignment of the note to Stewart Title.

Edwards is awarded partial attorneys' fees on appeal upon compliance with Ariz. R.Civ.App.P., 21(c), 17A A.R.S.

LIVERMORE, P.J., and FERNANDEZ, J., concur.